RICHARD F. NICOLL *v.* STATE OF CONNECTICUT
(14266)

DUPONT, C. J., and FOTI, LANDAU, HEIMAN and HENNESSY, Js.

Considered May 15—decision released June 5, 1995

*Robert A. Whitehead,* assistant attorney general, in support of the motion.

DUPONT, C. J. This court granted a motion to dismiss this appeal on February 8, 1995. That motion had been filed on behalf of the state by the commissioner of administrative services on January 9, 1995. The appeal was dismissed by order, without written decision. The defendant's motion raised two grounds for dismissal. The first was untimeliness of the appeal, and the second was a defect in the wording of the appeal form.[1] Subsequently, on April 24, 1995, our Supreme Court granted the pro se plaintiff's petition for certification limited to the following issue: "Under the circumstances of this case, was the Appellate Court correct in dismissing the plaintiff's appeal?" *Nicoll* v. *State,* 233 Conn. 902, 903, 657 A.2d 643 (1995).

On May 8, 1995, the defendant filed a request that we issue an articulation of the "circumstances of the case" that formed the basis for our dismissal of the appeal. In its motion, the defendant concedes, as it must, that there is no rule of practice that permits such a request from this court.[2] The defendant, therefore, bases its request on the "good cause" language of Practice Book § 4187, which provides that this court may suspend the requirements of the rules "[i]n the inter-

---

[1] We dismissed the appeal because it was untimely and, therefore, we did not need to reach the defendant's second ground.

[2] Practice Book § 4051, which provides for motions for articulation, clearly applies only to requests for articulation from a trial judge. That section provides: "An original and three copies of a motion for rectification or articulation shall be filed with the appellate clerk and forwarded by such clerk to the *trial* judge. The *trial* judge shall file the ruling on the motion with the appellate clerk. . . ." (Emphasis added.)

est of expediting decision, or for other good cause shown . . . ."

Because there is no provision in our rules or any statute that permits either of the state's appellate courts to entertain requests for articulation, motions for articulation addressed to us must be dismissed as improper. See *State* v. *Ellis,* 224 Conn. 711, 621 A.2d 250 (1993). There is, therefore, no rule that may be suspended to allow us to act upon the motion to articulate, and Practice Book § 4187 has no application.

Although we must dismiss the defendant's motion to articulate, we have determined that in this case we will, sua sponte, reconsider the motion of the defendant to dismiss the appeal to provide guidance to the members of the bar and the public with regard to our treatment of late appeals when a timely motion to dismiss an appeal has been made. See *Gibbs* v. *Mase,* 11 Conn. App. 289, 290, 526 A.2d 7 (1987).

It is well settled that this court has jurisdiction to consider late appeals if, in our discretion, we choose to do so. *Kelley* v. *Bonney,* 221 Conn. 549, 559 n.4, 606 A.2d 693 (1992). This is so even when a party timely moves to dismiss an untimely appeal. *Connelly* v. *Doe,* 213 Conn. 66, 69 n.5, 566 A.2d 426 (1989). Given the large number of appeals and motions filed in this court, however, we have adopted a policy that gives precedence to those appeals that are timely filed in compliance with Practice Book § 4009.[3] Therefore, when a motion to dismiss that raises untimeliness is, itself, timely filed pursuant to Practice Book § 4056,[4] it is

---

[3] Practice Book § 4009 provides in relevant part: "The party appealing shall, within twenty days, except where a different period is provided by statute, from the issuance of notice of the rendition of the judgment or decision from which the appeal is taken file an appeal in the manner prescribed by Sec. 4012 . . . ."

[4] Practice Book § 4056 provides in relevant part: "Any claim that an appeal . . . should be dismissed, whether based on lack of jurisdiction,

ordinarily our practice to dismiss the appeal if it is in fact late, and if no reason readily appears on the record to warrant an exception to our general rule.

This practice is based in part on the fact that if the untimely appeal is entertained, a delinquent appellant would obtain the benefit of the appellate process after contributing to its delay, to the detriment of others with appeals pending who have complied with the rules and have a right to have their appeals determined expeditiously. Appellees are given the right under our rules to object to the filing of a late appeal and should be given the benefit of that rule, barring unusual circumstances or unless they waive the benefit of that rule. See *Federal Deposit Ins. Corp.* v. *Hillcrest Associates,* 233 Conn. 153, 173, 659 A.2d 138 (1995). We ordinarily dismiss late appeals that are the subject of timely motions to dismiss, knowing also that our discretion can be tempered by Practice Book § 4183 (6),[5] which provides for the filing of late appeals for good cause shown. In this case, having determined that the appeal was in fact late and that the defendant's motion to dismiss was timely, we chose to exercise our discretion to dismiss it.

The defendant's motion for summary judgment was filed on December 10, 1993. The trial court granted the

failure to file papers within the time allowed or other defect, shall be made by a motion to dismiss the appeal or writ. Any such motion must be filed in accordance with Secs. 4041 and 4042 within ten days after the filing of the appeal . . . or if the ground alleged subsequently occurs, within ten days after it has arisen, provided that a motion based on lack of jurisdiction may be filed at any time. . . ."

[5] Practice Book § 4183 provides in relevant part: "The supervision and control of the proceedings on appeal shall be in the court having appellate jurisdiction from the time the appeal is filed, or earlier, if appropriate, and, except as otherwise provided in these rules, any motion the purpose of which is to complete, correct or otherwise perfect the trial court record for presentation on appeal shall be made to the court in which the appeal is pending. The court may . . . on its own motion or upon motion of any party . . . (6) order that a party for good cause shown may file a late appeal . . . ."

summary judgment on the basis of the failure of the plaintiff to exhaust his administrative remedies. The judgment was rendered on November 9, 1994, and notice issued on that day to all parties. Thereafter, on November 21, 1994, the trial court, sua sponte, issued a clarification. The court stated that a prior postcard notice, sent on May 26, 1994, granting the defendant's motion for summary judgment contained a judgment date of May 16, 1994, whereas the correct date of the granting of summary judgment was November 9, 1994. The plaintiff did not seek an extension of time to file his appeal under Practice Book § 4040, although the appeal period had not yet run.[6] The court's clarification did not address or modify the substance or terms of the judgment in any respect, and only confirmed the validity of the November 9, 1994 notice. The appeal period, therefore, began to run on November 9, 1994, the date of issuance of the judgment, and the plaintiff's appeal, filed on December 12, 1994, was clearly untimely.

The defendant's motion to dismiss was timely filed within ten days of the filing of the untimely appeal. The plaintiff did not timely oppose the defendant's motion to dismiss and filed a motion to be allowed to file a late opposition, which we granted. In his late opposition, the plaintiff claimed that notice of the judgment issued on November 21 not November 9, 1994. We concluded to the contrary on the basis of the facts before us, and dismissed the appeal. Upon reconsideration, we conclude that the motion to dismiss was properly granted.

The defendant's motion for articulation is dismissed as improper.

In this opinion the other judges concurred.

---

[6] Practice Book § 4040 provides in relevant part: "(a) If an appeal has not yet been filed, the judge who tried the case may, for good cause shown, extend the time provided for filing the appeal, except as may be otherwise provided in these rules. . . ."