### NANCY BURTON *v.* SYLVIA W. BROWD
### (SC 16444)

Sullivan, C. J., and Borden, Norcott, Katz and Palmer, Js.

Argued September 12—officially released November 20, 2001

*Nancy Burton*, pro se, the appellant (plaintiff).

*Douglas J. Lewis*, for the appellee (defendant).

*Opinion*

KATZ, J. This case involves a claim by the plaintiff, an attorney, for damages for legal services allegedly rendered to the defendant. The sole issue in this certified appeal is whether the Appellate Court properly dismissed the plaintiff's appeal. One of the issues raised in that appeal was whether the trial court, during the hearing on the plaintiff's motion for reargument, improperly denied the plaintiff's motion for a continuance for the purpose of filing a motion to substitute a representative of the defendant's estate for the defendant following the defendant's death. The Appellate Court dismissed the appeal, citing the plaintiff's failure to substitute. On appeal to this court, the plaintiff claims that the dismissal was improper. We conclude that the Appellate Court abused its discretion in dismissing the plaintiff's appeal, and, accordingly, we reverse the judgment of dismissal.

The record reveals the following facts and procedural history. On April 20, 1995, the plaintiff, Nancy Burton, an attorney licensed in the state of Connecticut, filed this complaint against a former client, the defendant, Sylvia W. Browd, seeking to recover damages for nonpayment of fees for legal services rendered to the defendant. On July 7, 1999, the trial court, *Radcliffe, J.*, rendered a judgment for the plaintiff in the amount of $5727.04. On July 27, 1999, the plaintiff moved for reargument claiming, inter alia, that the award was inad-

equate. The defendant's counsel filed an objection to the motion for reargument the following day.

The trial court heard argument on both the plaintiff's motion and the defendant's objection on August 9, 1999. During the proceedings, the defendant's counsel informed the court that the defendant had died.[1] The plaintiff orally moved for a continuance for the sole purpose of filing a motion to substitute a representative of the defendant's estate as the named defendant, pursuant to General Statutes § 52-599 (b).[2] The court denied the plaintiff's motion for a continuance, proceeded with the hearing, and ultimately denied the plaintiff's motion for reargument.

On August 20, 1999, the plaintiff appealed to the Appellate Court from the trial court's judgment claiming, inter alia,[3] that the trial court improperly had denied her motion for a continuance.[4] The defendant filed a

---

[1] The defendant died on April 16, 1999. The record is silent as to when the defendant's attorney first became aware of this fact. Neither the parties, nor the trial court, however, had been aware of the defendant's death when the court rendered its judgment on July 7, 1999. Although the validity of the trial court's judgment is not directly before us in this appeal, we note that the death of the defendant prior to the entry of judgment did not render the judgment void, but merely voidable. *Hennessy* v. *Denihan*, 110 Conn. 646, 648, 149 A. 250 (1930) (judgment entered against deceased defendant, in ignorance of death, not nullity).

[2] General Statutes § 52-599 (b) provides in relevant part: "If a party defendant dies, the plaintiff, within one year after receiving written notification of the defendant's death, may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the place of the decedent, and, upon due service and return of the order, the action may proceed."

[3] The plaintiff raised eleven issues on appeal to the Appellate Court. The only issue relevant to the appeal before this court is her claim that the trial court improperly had denied her motion for a continuance.

[4] The plaintiff framed the issue, before both this court and the Appellate Court, as a claim that the trial court improperly had denied her request to substitute. This is a mischaracterization, as the plaintiff actually claimed impropriety in the trial court's denial of her motion for a continuance, *made for the purpose of filing a motion to substitute.*

cross appeal challenging the judgment for the plaintiff. The Appellate Court, sua sponte, ordered the parties to appear before it to present reasons why the appeal and the cross appeal should not be dismissed for failure of either party to substitute a representative of the defendant's estate. On October 24, 2000, the day before the scheduled hearing, the plaintiff filed in the Appellate Court a motion for leave to substitute parties, pursuant to Practice Book § 62-5.[5] The Appellate Court subsequently heard arguments regarding the parties' failure to substitute, at which time the plaintiff informed the Appellate Court that the trial court had denied her motion for a continuance for the purpose of filing a motion to substitute. The plaintiff also orally informed the panel that she had filed in the Appellate Court a motion to substitute. The Appellate Court summarily dismissed the appeal and the cross appeal, citing the plaintiff's failure to substitute, and subsequently denied the plaintiff's motion for leave to substitute.

The plaintiff then petitioned this court for certification to appeal, raising the issue of the propriety of the Appellate Court's dismissal of her appeal. We granted certification limited to the following issue: "Did the Appellate Court properly dismiss the plaintiff's appeal?" *Burton* v. *Browd*, 255 Conn. 923, 763 A.2d 1040 (2000). We conclude that the Appellate Court's dismissal was an abuse of discretion, and, accordingly, we reverse the judgment of the Appellate Court.

The Appellate Court has judicial discretion to act, sua sponte, on grounds not directly raised by the parties. See *State* v. *Gilnite*, 202 Conn. 369, 373, 521 A.2d 547 (1987). "Judicial discretion, however, is always a legal discretion, exercised according to the recognized prin-

[5] Practice Book § 62-5 provides: "Changes in Parties

"Any change in the parties to an action pending an appeal shall be made in the court in which the appeal is pending. The appellate clerk shall notify the clerk of the trial court of any change."

ciples of equity." *Thomas* v. *Thomas*, 159 Conn. 477, 480, 271 A.2d 62 (1970). "Such discretion . . . imports something more than leeway in decision making and should be exercised in conformity with the spirit of the law and should not impede or defeat the ends of substantial justice." (Internal quotation marks omitted.) *Red Rooster Construction Co.* v. *River Associates, Inc.*, 224 Conn. 563, 575, 620 A.2d 118 (1993). "[R]eversal is required where the abuse is manifest or where injustice appears to have been done." *Thomas* v. *Thomas*, supra, 480. We conclude that such an injustice was done in the present case.

Before discussing the merits of the plaintiff's claim on appeal, we underscore that the focus of our review is not the actions of the trial court but rather the Appellate Court's dismissal of the plaintiff's appeal. See *State* v. *Torrence*, 196 Conn. 430, 433, 493 A.2d 865 (1985). Because the Appellate Court dismissed the plaintiff's appeal on the procedural ground that she had failed to substitute the proper party, we begin with a brief discussion of the law regarding actions against a deceased party.

Although at common law the death of a sole plaintiff or defendant abated an action; *Barton* v. *New Haven*, 74 Conn. 729, 730, 52 A. 403 (1902); by virtue of § 52-599,[6] Connecticut's right of survival statute, a cause of

---

[6] General Statutes § 52-599 provides in relevant part: "(a) A cause or right of action shall not be lost or destroyed by the death of any person, but shall survive in favor of or against the executor or administrator of the deceased person.

"(b) A civil action or proceeding shall not abate by reason of the death of any party thereto, but may be continued by or against the executor or administrator of the decedent. . . . If a party defendant dies, the plaintiff, within one year after receiving written notification of the defendant's death, may apply to the court in which the action is pending for an order to substitute the decedent's executor or administrator in the place of the decedent, and, upon due service and return of the order, the action may proceed. . . ."

action can survive if a representative of the decedent's estate is substituted for the decedent. It is a well established principle, however, that "[d]uring the interval . . . between the death and the revival of the action by the appearance of the executor or administrator, the cause has no vitality. The surviving party and the court alike are powerless to proceed with it." Id., 730–31; see, e.g., *Boucher Agency, Inc.* v. *Zimmer*, 160 Conn. 404, 407, 279 A.2d 540 (1971) (following defendant's death, plaintiff required to move for substitution in order to avail itself of right to appeal judgment); *Hennessy* v. *Denihan*, 110 Conn. 646, 650, 149 A. 250 (1930) (following death of party, decree of court survived in favor of administrator of decedent's estate); *Schoolhouse Corp.* v. *Wood*, 43 Conn. App. 586, 592, 684 A.2d 1191 (1996), cert. denied, 240 Conn. 913, 691 A.2d 1079 (1997) (following denial of motion to substitute, appeal dismissed due to absence of proper parties).

In the present case, the plaintiff was notified of the defendant's death at the hearing on her motion for reargument. As soon as the plaintiff was made aware of that fact, she orally moved for a continuance for the purpose of filing a motion to substitute the defendant's estate. The trial court denied the plaintiff's motion for a continuance, incorrectly instructing the plaintiff that a substitution was not necessary at that time.

In dismissing the plaintiff's appeal, the Appellate Court cited the plaintiff's failure to substitute. The plaintiff claims that the Appellate Court's dismissal was improper because her failure to substitute the defendant's estate resulted directly from the action by the trial court that was one of the grounds for her appeal to the Appellate Court. We agree.

The Appellate Court did not consider the merits of the plaintiff's appeal, in particular, her claim that the

trial court's denial of her motion for a continuance precluded her from filing a motion to substitute. Instead, the Appellate Court summarily dismissed the plaintiff's appeal on the basis of that failure to substitute. In so doing, the Appellate Court's dismissal denied the plaintiff her opportunity to obtain judicial review of the trial court's actions. We conclude, therefore, that the Appellate Court's dismissal was an abuse of discretion. Moreover, the Appellate Court's dismissal due to the plaintiff's failure to substitute was unjustified in light of the trial court's erroneous admonition to the plaintiff that a substitution was not necessary and in light of the plaintiff's pending motion in the Appellate Court to cure any defect by substituting the appropriate fiduciary.[7]

We further note that there was no prejudice to the defendant due to unfair delay or surprise.[8] *Warner* v. *Lancia*, 46 Conn. App. 150, 157, 698 A.2d 938 (1997). In the trial court, immediately following the announcement by the defendant's counsel of the defendant's death, the plaintiff made a motion for continuance for the purpose of filing a motion to substitute. In the Appellate Court, the plaintiff filed a request for leave to substi-

---

[7] The trial court's actions are not before us on this appeal. *State* v. *Torrence*, supra, 196 Conn. 433. We note, however, for purposes of reviewing the Appellate Court's actions, that a substitution of a proper party *was* necessary. *Barton* v. *New Haven*, supra, 74 Conn. 730–31 ("[d]uring the interval . . . between the death and the revival of the action by the appearance of the executor or administrator . . . [t]he surviving party and the court alike are powerless to proceed").

[8] As we noted previously, the plaintiff filed her appeal in the Appellate Court on August 20, 1999, and filed a motion for leave to substitute a representative of the defendant's estate in that court on August 24, 2000. Thus, more than one year had elapsed between the plaintiff's filing of her appeal in the Appellate Court and her filing of a motion for leave to substitute in that court. Nevertheless, the statute of limitations for substituting parties had not yet expired. See footnotes 2 and 10 of this opinion. Therefore, although we note that the plaintiff should have been more prompt about filing a motion to substitute in the Appellate Court, that does not affect our analysis of the plaintiff's claim.

tute before briefs had been filed in the matter.[9] Indeed, the statement of the defendant's counsel at the Appellate Court hearing indicating that he would not object if the defendant's cross appeal were dismissed as well due to the plaintiff's failure to substitute demonstrates the lack of prejudice. In the absence of any evidence of prejudice, we conclude that it was an abuse of discretion for the Appellate Court to have dismissed the plaintiff's appeal where the dismissal precluded the plaintiff from obtaining judicial review of one of her claims raised on appeal.[10]

[9] The plaintiff filed a request for leave to substitute in the Appellate Court on the day before the hearing on that court's sua sponte motion. The parties had not yet filed briefs on the merits of the appeal and the cross appeal because the Appellate Court had ordered a stay of briefing on the merits for thirty days following the issuance of notice of the court's decision on its sua sponte motion.

[10] The defendant's counsel argues that the Appellate Court properly dismissed the plaintiff's appeal because the plaintiff failed to file a motion to substitute within the one year time period required by § 52-599 (b) and failed to articulate good cause for that failure. Specifically, the defendant's counsel argues that "actual" notice is sufficient to meet the requirements of § 52-599 (b), and that, although the plaintiff received actual notice of the defendant's death on August 9, 1999, at the hearing on the plaintiff's motion for reargument, the plaintiff did not file, in the Appellate Court, a motion for leave to substitute the defendant's fiduciary until August 24, 2000. The defendant's counsel contends, therefore, that the Appellate Court properly dismissed the plaintiff's claim for failure to substitute within one year of receiving actual notice of the defendant's death. We disagree.

We note that in 1987, the legislature amended § 52-599 (b) to require "written" notice, changing the date upon which the statute of limitations begins to toll from the date of the defendant's death to the date upon which the plaintiff receives "written notification" of the defendant's death. Public Acts 1987, No. 87-237; see Warner v. Lancia, 46 Conn. App. 150, 154, 698 A.2d 938 (1997) (detailing statutory history of § 52-599). Whether actual notice will suffice to trigger the statute is an issue, however, that we need not address. Notwithstanding her knowledge of the fact of the defendant's death, the plaintiff had not been informed as to the actual date of death, the name of the defendant's fiduciary, or the court of the fiduciary's appointment. Therefore, the plaintiff's ability to substitute was hampered severely. In addition, the defendant's counsel does not claim any prejudice from the failure of the plaintiff to meet the one year statutory time period. Furthermore, the defendant's counsel provides us with no reason to construe the one year requirement as a jurisdictional bar. See Williams v. Commission

The judgment of the Appellate Court dismissing the appeal is reversed and the case is remanded to that court for further proceedings according to law.

In this opinion the other justices concurred.

*on Human Rights & Opportunities*, 257 Conn. 258, 266–70, 777 A.2d 645 (2001). We have stated many times that, "[i]n light of the strong presumption in favor of jurisdiction, we require a strong showing of a legislative intent to create a time limitation that, in the event of noncompliance, acts as a *subject matter jurisdictional bar.*" (Internal quotation marks omitted.) *Banks* v. *Thomas*, 241 Conn. 569, 583, 698 A.2d 268 (1997). Moreover, the fact that a court has the discretion to cite in a representative of the defendant's estate after the expiration of the one year time period if good cause is shown for the delay further counsels against interpreting the one year time requirement in § 52-599 (b) as a jurisdictional bar. See *Worden* v. *Francis*, 170 Conn. 186, 188, 365 A.2d 1205 (1976); *Dorsey* v. *Honeyman*, 141 Conn. 397, 400, 107 A.2d 260 (1954). We conclude, therefore, that even if actual notice had been sufficient to trigger the time period set forth in § 52-599 (b), expiration of the time period was not a jurisdictional bar.