ALLIANCE PARTNERS, INC. *v.* VOLTARC
TECHNOLOGIES, INC.
(SC 16675)

Sullivan, C. J., and Borden, Norcott, Katz, Palmer, Vertefeuille and Zarella, Js.[1]

---

[1] This case originally was argued before a panel of this court consisting of Chief Justice Sullivan and Justices Borden, Norcott, Katz and Vertefeuille. Subsequently the court, pursuant to Practice Book § 70-7 (b), ordered that the case be considered en banc. Accordingly, Justices Palmer and Zarella were added to the panel, and they have read the record and briefs, and have listened to the tape recording of the oral argument.

Argued November 26, 2002—officially released April 22, 2003

*Eric D. Grayson*, with whom, on the brief, was *Juris V. Zauls*, for the appellant (plaintiff).

*Louis J. Bonsangue*, with whom, on the brief, was *Max S. Case*, for the appellee (defendant).

BORDEN, J. This certified appeal involves the exercise by the Appellate Court of its discretion to deny a motion for permission to file a late appeal pursuant to Practice Book § 60-2 (6),[2] which provides that the Appellate Court may permit a late appeal "for good cause shown . . . ." The plaintiff claims that the Appellate Court abused its discretion in denying the plaintiff's motion for permission to file its appeal from the judgment of the trial court one day beyond the twenty day appeal period prescribed by Practice Book § 63-1 (a).[3] We disagree and, accordingly, we affirm the judgment of the Appellate Court denying the plaintiff's motion.

[2] Practice Book § 60-2 provides: "The supervision and control of the proceedings on appeal shall be in the court having appellate jurisdiction from the time the appeal is filed, or earlier, if appropriate, and, except as otherwise provided in these rules, any motion the purpose of which is to complete or perfect the trial court record for presentation on appeal shall be made to the court in which the appeal is pending. The court may, on its own motion or upon motion of any party, modify or vacate any order made by the trial court, or a judge thereof, in relation to the prosecution of the appeal. It may also, for example, on its own motion or upon motion of any party, (1) order a judge to take any action necessary to complete the trial court record for the proper presentation of the appeal; (2) when it appears that by reason of omission from the prepared record of matters of record in the trial court the questions of law in the case are not properly presented, order the appellant to cause to be photocopied the portions so omitted; (3) order improper matter stricken from the record or from a brief or appendix; (4) order a stay of any proceedings ancillary to a case on appeal; (5) order the addition to the prepared record of parts of the file necessary to present correctly or fully the matters comprehended by Sections 67-4 and 67-5; (6) order that a party for good cause shown may file a late appeal, petition for certification, brief or any other document, unless the court lacks jurisdiction to allow the late filing; (7) order that a hearing be held to determine whether it has jurisdiction over a pending matter; (8) order an appeal to be dismissed unless the appellant complies with specific orders of the trial court, submits to the process of the trial court, or is purged of contempt of the trial court; (9) remand any pending matter to the trial court for the resolution of factual issues where necessary; (10) correct technical or other minor mistakes in a published opinion which do not affect the rescript."

[3] Practice Book § 63-1 (a) provides in relevant part: "Unless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . ."

The plaintiff, Alliance Partners, Inc., filed its appeal from the judgment of the trial court one day late in the Appellate Court. The defendant, Voltarc Technologies, Inc., timely moved to dismiss the appeal, pursuant to Practice Book § 66-8,[4] for failure to file the appeal within the twenty day period provided by Practice Book § 63-1 (a). The plaintiff filed an opposition to the motion to dismiss, and a motion for permission to file a late appeal pursuant to Practice Book § 60-2 (6). The Appellate Court granted the defendant's motion to dismiss, and denied the plaintiff's motion for permission to file a late appeal. The plaintiff then moved for reconsideration of the denial of the motion for permission to file a late appeal. The Appellate Court denied that motion. This certified appeal followed.[5]

The record discloses the following procedural history. The plaintiff brought the underlying action in the trial court against the defendant, claiming breach of contract and unjust enrichment. The case was referred to an attorney trial referee (referee). The trial court adopted the recommendation of the referee that the plaintiff recover $20,000 plus prejudgment interest.[6] The

[4] Practice Book § 66-8 provides: "Any claim that an appeal or writ of error should be dismissed, whether based on lack of jurisdiction, failure to file papers within the time allowed or other defect, shall be made by a motion to dismiss the appeal or writ. Any such motion must be filed in accordance with Sections 66-2 and 66-3 within ten days after the filing of the appeal or the return day of the writ, or if the ground alleged subsequently occurs, within ten days after it has arisen, provided that a motion based on lack of jurisdiction may be filed at any time. The court may on its own motion order that an appeal be dismissed for lack of jurisdiction."

[5] We granted the plaintiff's motion for certification to appeal, limited to the following issue: "Did the Appellate Court abuse its discretion when it denied the plaintiff's motion for permission to file a late appeal in this matter?" *Alliance Partners, Inc.* v. *Voltarc Technologies, Inc.*, 259 Conn. 916, 917, 792 A.2d 851 (2002).

[6] The referee had issued a report recommending that: (1) the plaintiff was entitled to recover $20,000 plus prejudgment interest, on the basis of quantum meruit; (2) in the alternative, $80,000 plus prejudgment interest, on the basis of quantum meruit. The plaintiff objected to the report, claiming that, on the basis of the facts found by the referee, it was entitled to, in round

trial court issued its memorandum of decision and rendered its judgment on May 24, 2001, and the clerk sent notice thereof to the parties on that date.

The plaintiff filed its appeal in the Appellate Court at 12:53 p.m. on June 14, 2001, twenty-one days after the judgment of May 24, 2001. On June 22, 2001, the defendant timely moved to dismiss the appeal. The plaintiff presented the same grounds for both its opposition to the motion to dismiss and its motion for permission to file a late appeal, expanding its explanation slightly in its opposition to the motion to dismiss. Those grounds were that the "[plaintiff's] attorney misread [Practice Book] § 63-2,[7] whereby [the plaintiff] read the section to not include the first and last days of filing for purposes of counting the appeal period. Consequently, [the plaintiff] filed this appeal on the twenty first day and not the twentieth day. The [plaintiff] will be greatly prejudiced if the court does not extend the time for filing one single day. The [defendant] will not be prejudiced by extending the time for filing appeal one day."[8]

figures, either $396,000 or $163,000. The defendant objected to the referee's report insofar as it recommended an alternative recovery of $80,000 and a recovery of prejudgment interest on the recommended award of $20,000.

[7] Practice Book § 63-2 provides in relevant part: "In determining the last day for filing any papers, the last day shall, and the first day shall not, be counted. . . ."

[8] In the opposition to the motion to dismiss, the attorney who was responsible for the late filing further explained that he had "misread [Practice Book] § 63-2, which states in part that '[i]n determining the last day for filing any papers, the last day shall, *and* the first day shall not, be counted.' . . . Because the day of the event is never counted (meaning here May 24, 2001), [the plaintiff's] attorney started counting on May 25, 2001 as the first day, May 24 'shall not be counted.' [The plaintiff's] attorney then counted 20 days, not counting the last day, to June 14, 2001. We then filed the appeal by hand at 12:57 pm with the Clerk at Stamford. As the Court can see, this was not an 11th hour filing and had [the plaintiff's] attorney understood the rule, we could have easily filed it the night before as the papers were ready. But, [the plaintiff's] attorney was confused by the use of the conjunction 'and,' which is commonly used to join items of similar attribute, when in fact here 'and' was used in its less common form to join items of antithesis. See Webster's New Collegiate Dictionary, G. & C. [Merriam] Co. (1973). In fact, what the passage meant was 'the last day shall be counted, *but* the

The Appellate Court granted the defendant's motion to dismiss the appeal and denied the plaintiff's motion for permission to file a late appeal. The plaintiff then filed a motion for reconsideration of the denial of its motion for permission to file a late appeal, in which it advanced the same grounds and argument presented in its opposition to the motion to dismiss for failing to file the appeal within the twenty day period. The Appellate Court denied the motion for reconsideration.

On appeal to this court, the plaintiff claims that the Appellate Court abused its discretion in denying the plaintiff's motion for permission to file a late appeal. We are not persuaded.[9]

Both parties agree, as do we, that the issue in the present appeal does not involve a matter of the Appellate Court's subject matter jurisdiction because the twenty day time limit provided by Practice Book § 63-1 (a) is not subject matter jurisdictional. *Kelley* v. *Bonney*, 221 Conn. 549, 559, 606 A.2d 693 (1992); *Connelly* v. *Doe*, 213 Conn. 66, 69–70 n.5, 566 A.2d 426 (1989); C. Tait & E. Prescott, Connecticut Appellate Practice and Procedure (3d Ed. 2000) § 4.8, pp. 144–45. Furthermore, the certified question does not present the propriety of the Appellate Court's granting of the defendant's motion to dismiss the appeal, and the plaintiff concedes that the appeal was filed one day beyond the twenty day time limit provided by § 63-1 (a). Thus, the question presented to us, as both parties agree, is whether the Appellate Court abused its discretion in denying the plaintiff's motion for permission to file a late appeal. In undertaking that task, the focus of our review is on

first day shall not be counted.' Meaning that the first day is not counted but the last day is. Accordingly, [the] plaintiff inadvertently filed the appeal on the twenty first day." (Emphasis in original.)

[9] In reviewing the Appellate Court's actions in the present case, we take into account the plaintiff's representations on both the motion for permission to file a late appeal and the motion for reconsideration thereof.

the action of the Appellate Court. *Burton* v. *Browd*, 258 Conn. 566, 570, 783 A.2d 457 (2001). Taking into account all the facts and circumstances of the case, we conclude that the Appellate Court did not abuse its discretion.

"The rules of practice vest broad authority in the Appellate Court for the management of its docket. Section 60-2 of the Practice Book provides that '[t]he supervision and control of the proceedings on appeal shall be in the court having appellate jurisdiction from the time the appeal is filed . . . . The court may, on its own motion or upon motion of any party . . . (6) order that a party for good cause shown may file a late appeal . . . unless the court lacks jurisdiction to allow the late filing . . . .' Section 60-3 provides, in addition, that '[i]n the interest of expediting decision, or for other good cause shown, the court in which the appeal is pending may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its own motion and may order proceedings in accordance with its direction.' " *Ramos* v. *Commissioner of Correction*, 248 Conn. 52, 59–60, 727 A.2d 213 (1999).

"In the absence of jurisdictional barriers, appellate tribunals must exercise their discretion to determine whether a late appeal should be permitted to be heard. *Kelley* v. *Bonney*, [supra, 221 Conn. 559 and n.4]; see *State* v. *Stead*, 186 Conn. 222, 227–29, 440 A.2d 299 (1982)." *Ramos* v. *Commissioner of Correction*, supra, 248 Conn. 61. Thus, we review the Appellate Court's decision under the abuse of discretion standard. "In determining whether there has been an abuse of discretion, every reasonable presumption should be given in favor of the correctness of the court's ruling. . . . Reversal is required only where an abuse of discretion is manifest or where injustice appears to have been done." (Internal quotation marks omitted.) *State* v. *Fitzgerald*, 257 Conn. 106, 112, 777 A.2d 580 (2001). "Judicial

discretion, however, is always a legal discretion, exercised according to the recognized principles of equity. . . . Such discretion . . . imports something more than leeway in decision making and should be exercised in conformity with the spirit of the law and should not impede or defeat the ends of substantial justice. . . . [R]eversal is required where the abuse is manifest or where injustice appears to have been done." (Citations omitted; internal quotation marks omitted.) *Burton* v. *Browd*, supra, 258 Conn. 569–70. In addition, we are mindful that, "[t]he design of these rules [of appellate procedure] being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." Practice Book § 60-1.

Practice Book § 60-2 (6) provides that the Appellate Court may "order that a party *for good cause shown* may file a late appeal . . . ." (Emphasis added.) This provision places the burden on the party seeking permission to file a late appeal to establish good cause for its failure to file a timely appeal. We cannot conclude on the facts of this case that the Appellate Court abused its discretion in determining that the plaintiff's explanation for its late appeal did not constitute good cause.

First, despite the plaintiff's assertion of confusion about the meaning of Practice Book § 63-2, namely, that, "[i]n determining the last day for filing any papers," the section probably meant that *both* the first and last days were *not* to be counted, we can perceive no reasonable basis for such a reading. The pertinent language of § 63-2 is as follows: "[T]he last day shall, and the first day shall not, be counted." The language and its punctuation clearly indicate that, in calculating the twenty day appeal period, one does count the last day, and one does not count the first day. Indeed, in 1995, the Appellate Court explicitly had stated that to be the case. "The filing period in this case is controlled by

Practice Book § 4010 [now § 63-2], which establishes the rule for determining the expiration of time periods pertaining to the filing of papers in the Supreme and Appellate Courts. Section [63-2] explicitly provides that *for this purpose the first day shall not be counted and the last day shall be counted.*" (Emphasis added.) *Stephen* v. *Hoerle,* 39 Conn. App. 253, 256, 664 A.2d 817, cert. denied, 235 Conn. 928, 667 A.2d 555 (1995). In addition, an authoritative treatise on our appellate practice also has made the same point in clear language. "In determining the last day for filing papers, the last day is included and the first day is not." C. Tait & E. Prescott, supra, § 4.11, p. 153. Indeed, it is difficult to see why, if the plaintiff was even somewhat confused about the meaning of § 63-2, given that the papers were prepared and ready for filing on the potential twentieth day, it nonetheless opted to wait for the potential twenty-first day to file, rather than to take the obviously safer route and file on the potential twentieth day.[10]

Second, we have recognized that the Appellate Court has broad authority to manage its docket. *Ramos* v. *Commissioner of Correction,* supra, 248 Conn. 59. In the exercise of that authority, it legitimately has adopted a policy of docket control "that, in other than exceptional cases, the need to address cases that were filed timely outweighs the need to permit appeals that are in fact late." Id., 61. Moreover, the Appellate Court twice previously has announced this policy, putting all litigants, including the plaintiff, on fair notice thereof. It explicitly has stated: "This court may nevertheless exercise its discretion to consider late appeals, even when a party timely files a motion to dismiss an

---

[10] At oral argument before this court, the plaintiff's counsel conceded that the attorney handling the matter was sufficiently unsure of the meaning of the rule that he inquired of other members of his firm as to the deadline. In light of this confusion and the fact that the attorney formerly had worked at the clerk's office of another court, it is difficult to understand why no inquiry was made to the clerk of the Superior Court.

untimely appeal. Practice Book § 4183 (6) [now § 60-2 (6)]; *Kelley* v. *Bonney,* [supra, 221 Conn. 559 n.4]. Given the large number of appeals . . . filed in this court, however, we have adopted a policy that gives precedence to those appeals that are timely filed . . . ." (Internal quotation marks omitted.) *Blue Cross/Blue Shield of Connecticut, Inc.* v. *Gurski,* 47 Conn. App. 478, 481, 705 A.2d 566 (1998); see also *Nicoll* v. *State,* 38 Conn. App. 333, 335, 661 A.2d 101 (1995) (same).

Indeed, the Appellate Court explicitly has articulated its rationale for this policy and its awareness of when it would be appropriate to relax it. "[W]hen a motion to dismiss that raises untimeliness is, itself, timely filed pursuant to Practice Book § 4056 [now § 66-8], it is ordinarily our practice to dismiss the appeal if it is in fact late, and if no reason readily appears on the record to warrant an exception to our general rule.

"This practice is based in part on the fact that if the untimely appeal is entertained, a delinquent appellant would obtain the benefit of the appellate process after contributing to its delay, to the detriment of others with appeals pending who have complied with the rules and have a right to have their appeals determined expeditiously. Appellees are given the right under our rules to object to the filing of a late appeal and should be given the benefit of that rule, barring unusual circumstances or unless they waive the benefit of that rule. See *Federal Deposit Ins. Corp.* v. *Hillcrest Associates,* 233 Conn. 153, 173, 659 A.2d 138 (1995). We ordinarily dismiss late appeals that are the subject of timely motions to dismiss, knowing also that our discretion can be tempered by Practice Book § 4183 (6) [now § 60-2 (6)], which provides for the filing of late appeals for good cause shown." *Nicoll* v. *State,* supra, 38 Conn. App. 335–36.

We acknowledge that we eschew "a mechanistic interpretation of our appellate rules in recognition of

the fact that an unyielding policy requiring strict adherence to an appellate time limitation—no matter how severe or unfair the consequences—does not serve the interests of justice." *Banks* v. *Thomas*, 241 Conn. 569, 586, 698 A.2d 268 (1997). We do not regard the Appellate Court's ruling in the present case, however, as falling within that description. It was made in accordance with the rules, and the court exercised its discretion in accordance with a legitimate policy that it previously had fully explained.

Although we might have exercised our discretion differently, we emphasize that that is not the question before us. See, e.g., *State* v. *Day*, 233 Conn. 813, 842, 661 A.2d 539 (1995). The question is whether, on the present record, the Appellate Court has abused its discretion. In light of the nature of the reasons asserted by the plaintiff and the lack of a reasonable basis for the plaintiff's inaccurate interpretation of the applicable rule, the Appellate Court's previously announced policy of management of its own crowded docket and the reasons therefor, and our scope of review of the Appellate Court's exercise of its discretion, we cannot conclude that it abused its discretion in failing to find good cause for the plaintiff's late filing of its appeal. In addition, we cannot conclude that the denial of the plaintiff's motion to file a late appeal constituted a manifest abuse, surprise or injustice.

This does not mean, however, that any exercise of discretion by the Appellate Court in denying a late appeal will find a welcoming eye in this court. On some past occasions, we have determined that it has abused its discretion in dismissing appeals. See, e.g., *Burton* v. *Browd*, supra, 258 Conn. 572 (abuse of discretion in dismissing plaintiff's appeal for failure to substitute representative of deceased defendant's estate); *Ramos* v. *Commissioner of Correction*, supra, 248 Conn. 52 (abuse of discretion in failing to find good cause for

petitioner's late filing of appeal from dismissal of his habeas corpus petition). Our decision in the present case means only that each case must stand or fall on its own merits; and the merits in this case do not persuade us that the Appellate Court abused its discretion.

The judgment of the Appellate Court is affirmed.

In this opinion the other justices concurred.