J.K. SCANLAN COMPANY, INC. *v.* THE
CONSTRUCTION GROUP, INC., ET AL.
(AC 23486)

West, DiPentima and Peters, Js.

346

Argued September 9—officially released December 2, 2003

*Glenn L. Formica*, for the appellant-appellee (plaintiff).

*Gerald A. Del Piano*, with whom was *P. Jo Anne Burgh*, for the appellees-appellants (named defendant et al.).

*Opinion*

DiPENTIMA, J. The plaintiff appeals and the defendants cross appeal from the trial court's order of a prejudgment remedy.[1] The plaintiff, the J.K. Scanlan Company, Inc., sought such a remedy incident to its

---

[1] The granting or denial of a prejudgment remedy is deemed a final judgment for purposes of appeal. General Statutes § 52-278*l* (a).

action against the defendants The Construction Group, Inc. (Construction Group), Midstate Metal Building Company, LLC, Northeast Panel Company, LLC, and Bertrand Rompre. The court granted the plaintiff's application for a prejudgment remedy in the amount of $42,500. On appeal, the plaintiff claims that the court failed to award the full amount it requested on the basis of successor liability as alleged in the fourth count of the complaint.

On cross appeal, the defendants claim that the court improperly (1) found that the plaintiff sufficiently had established entitlement to a prejudgment remedy although the plaintiff failed to present evidence of probable damages, (2) found that the plaintiff sufficiently had established a fraudulent transfer although it presented no evidence of fraud, (3) granted the prejudgment remedy as to Rompre although no evidence was introduced to justify piercing the corporate veil, and (4) granted the prejudgment remedy as to Northeast Panel Company, LLC, and Midstate Metal Building Company, LLC. We affirm the judgment of the trial court in all respects.

The following facts and procedural history are relevant to resolve the issues raised on appeal and cross appeal. On July 21, 1998, the plaintiff filed a cross claim against Construction Group, which was doing business as Midstate Metal Building Company (DBA Metal), in a Massachusetts action against the plaintiff regarding a dispute following a public works project for which the plaintiff had served as a general contractor. Construction Group did not appear, and on October 27, 1999, a default judgment in the amount of $85,301.54 was rendered against it in the Essex County trial court of the commonwealth of Massachusetts (Massachusetts judgment). As the general contractor, the plaintiff was required to pay the judgment for the negligence and breach of contract of Construction Group.

In January, 1998, Rompre, the president and sole shareholder of Construction Group, in effect transformed Northeast Panel Company into a limited liability company, Northeast Panel, LLC, and in February, 1999, Rompre likewise transformed DBA Metal into Midstate Metal Building Company, LLC. Rompre remained the controlling member, and the newly formed limited liability companies continued the businesses of their predecessor DBAs.

On December 29, 2001, the plaintiff brought a complaint on the Massachusetts judgment in the Hartford Superior Court. See *J.K. Scanlan Company, Inc.* v. *The Construction Group, Inc. by its Mid-State Metal Building Company Division,* Superior Court, judicial district of Hartford, Docket No. 0804527 (December 29, 2001). Construction Group filed an appearance but did not plead. The court, *Schuman, J.,* rendered judgment against Construction Group for $103,189.74 after a hearing in damages (Connecticut judgment). The plaintiff was unsuccessful in its attempt to collect on the judgment.

On January 8, 2002, the plaintiff commenced the action at issue in this appeal. The plaintiff alleged that (1) the defendants had violated General Statutes § 52-552a et seq., the Uniform Fraudulent Transfer Act, (2) the defendants had violated General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act, (3) the defendants had committed fraud, and (4) that the defendants Midstate Metal Building Company, LLC, and Northeast Panel Company, LLC, were liable for the full amount of the Connecticut judgment as the successors in interest to Construction Group.[2] On April 30, 2002, the plaintiff applied for a prejudgment remedy, and,

[2] The plaintiff's appeal concerns the judgment only as to count four of the complaint regarding the claim of successor liability. The defendants' cross appeal addresses the judgment as to each count of the complaint.

on September 6, 2002, the court heard testimony and argument with respect to the application. On September 10, 2002, the court ordered a prejudgment remedy against Construction Group, Midstate Metal Building Company, LLC, Northeast Panel Company, LLC, and Rompre in the amount of $42,500. These appeals followed.

At the outset, we set forth the relevant portions of the prejudgment remedy statutes. General Statutes § 52-278d (a) provides in relevant part that a hearing on a prejudgment remedy "shall be limited to a determination of . . . whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought, or in an amount greater than the amount of the prejudgment remedy sought, taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff . . . . If the court, upon consideration of the facts before it and taking into account any . . . counterclaims . . . finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court. . . ."

The role of the court in considering an award of a prejudgment remedy is well established. "Pursuant to our prejudgment remedy statutes . . . the trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial on the merits. . . . The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim.

. . . The court's role in such a hearing is to determine probable success by weighing probabilities." (Citations omitted; internal quotation marks omitted.) *Bank of Boston Connecticut* v. *Schlesinger*, 220 Conn. 152, 156, 595 A.2d 872 (1991).

"The legal idea of probable cause is a *bona fide* belief in the existence of the facts essential under the law for the action and such as would warrant a man of ordinary caution, prudence and judgment, under the circumstances, in entertaining it. . . . Probable cause is a flexible common sense standard. It does not demand that a belief be correct or more likely true than false." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Three S. Development Co.* v. *Santore*, 193 Conn. 174, 175, 474 A.2d 795 (1984).

"Appellate review of a trial court's broad discretion to deny or grant a prejudgment remedy is limited to a determination of whether the trial court's rulings constituted clear error." *State* v. *Ham*, 253 Conn. 566, 568, 755 A.2d 176 (2000). "It is the trial court that must determine, in light of its assessment of the legal issues and the credibility of the witnesses, whether a plaintiff has sustained the burden of showing probable cause to sustain the validity of its claim. We decide only whether the determination of the trial court constituted clear error." *Greenberg, Rhein & Margolis, Inc.* v. *Norris-Faye Horton Enterprises, Inc.*, 218 Conn. 162, 166, 588 A.2d 185 (1991).

I

APPEAL

The plaintiff claims that the court improperly granted a prejudgment remedy of only $42,500 of the Massachusetts judgment on the basis of successor liability in the fourth count of the plaintiff's complaint. The court's memorandum of decision is not clear as to which legal

theory it applied, and because the plaintiff failed to file a motion for articulation, the issue of successor liability is not properly before us.

Our Supreme Court has held that where essential facts are undisputed and the claim involves a question of law, the record is adequate for review. See *Community Action for Greater Middlesex County, Inc.* v. *American Alliance Ins. Co.*, 254 Conn. 387, 395–96, 757 A.2d 1074 (2000) (where de novo review applies and facts not disputed, precise legal analysis undertaken by trial court not essential to appellate review of issue). Thus, where a case presents a question of law, this court is required to provide de novo review. Unlike the situation in *Community Action for Greater Middlesex County, Inc.*, the facts of the present case are not undisputed, and our analysis necessarily involves questions of fact.

Here, after a hearing in which the essential facts were in dispute, the court found that after the creation of Midstate Metal Building Company, LLC, and Northeast Panel Company, LLC, Construction Group was "allowed by the sole shareholder, defendant Rompre, to disengage from active business" and that "this action was taken by the defendant Rompre to hinder collection on a possible judgment by the plaintiff against Construction Group, Inc., DBA Metal." The court further found that "the Metal name and good will of the DBA were now allowed to develop in the [limited liability corporation]. There were lost opportunities for the DBA to earn funds to satisfy its creditors, including the plaintiff." Thus, the essential facts are disputed, and the claim involves a question of fact. We must therefore turn to whether the record is adequate for review.

"[T]he appellant bears the burden of providing an appellate court with an adequate record for review. . . . It is, therefore, the responsibility of the appellant to move for an articulation or rectification of the record

where the trial court has failed to state the basis of decision . . . [or] to clarify the legal basis of a ruling . . . ." (Citations omitted; internal quotation marks omitted.) Id., 394.

"It is well settled that [a]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal. . . . The . . . failure to seek an articulation of the trial court's decision to clarify the aforementioned issues and to preserve them properly for appeal leaves this court without the ability to engage in a meaningful review." (Citation omitted; internal quotation marks omitted.) *Alliance Partners, Inc.* v. *Oxford Health Plans, Inc.*, 263 Conn. 191, 204, 819 A.2d 227 (2003); see also Practice Book §§ 61-10 and 66-5.

Our examination of the record discloses that although the plaintiff raised the issue of successor liability in a discussion with the court, the court did not address it in its memorandum of decision. In fact, the court did not state the legal premises on which it granted relief.

The court concluded, without application of legal theory, that the plaintiff met its probable cause burden by showing at the hearing that Construction Group was allowed by Rompre to "disengage from active business" and that such action was taken "to hinder collection on a possible judgment by the plaintiff against The Construction Group, Inc., DBA Metal." The court further found that the plaintiff had failed to prove "that Rompre transferred funds out of DBA Metal or The Construction Group, Inc., to the Metal LLC," but that the plaintiff had established that "the Metal name and the good will of the DBA were now allowed to develop

in the new [limited liability corporation]. There were lost opportunities for the DBA to earn funds to satisfy its creditors . . . ."

The court could have based its decision on several possible theories of recovery, and a reading of the memorandum of decision does not reveal the particular legal reasoning on which the court relied. If the plaintiff intended to claim that the court should have considered successor liability as a basis for awarding a greater prejudgment remedy, it was its obligation to file a motion for articulation to create an adequate record for appellate review. See Practice Book §§ 61-10 and 66-5; *Alliance Partners, Inc.* v. *Oxford Health Plans, Inc.*, supra, 263 Conn. 204. In the absence of a motion for articulation, we will not speculate as to the legal standard applied by the court and will not address the merits of the plaintiff's claim.

## II

## CROSS APPEAL

In their cross appeal, the defendants also raise issues that we cannot consider for lack of an adequate record. Like the plaintiff, the defendants failed to request that the trial court articulate its view of issues of law and fact. Accordingly, we decline to address the merits of the defendant's claims that the court improperly (1) found that the plaintiff had sufficiently established a fraudulent transfer although the plaintiff presented no evidence of fraud, (2) granted the prejudgment remedy as to Rompre although no evidence was introduced to justify piercing the corporate veil, and (3) granted the prejudgment remedy as to Northeast Panel Company, LLC, and Midstate Metal Building Company, LLC.

The court does address the defendants' claim that the trial court improperly granted the application for a prejudgment remedy because the plaintiff failed to

present evidence of probable damages. There is sufficient evidence in the record to support the court's finding of probable damages.

As stated in part I, we examine the court's ruling under the clearly erroneous standard of review. The defendants claim that the only assets transferred from Construction Group to the limited liability companies were the names of the DBAs, assets that the defendants allege had no value. The defendants further assert that no evidence was presented to support the court's ruling that "[t]here were lost opportunities for the DBA to earn funds to satisfy its creditors . . . ." After evaluating the testimony at the prejudgment remedy hearing, the court found to the contrary, as the plaintiff presented sufficient evidence on which to grant the application for a prejudgment remedy. Moreover, the court based its determination of the amount of the prejudgment remedy on "half of his Massachusetts judgment." We conclude that the court's determination was proper and therefore affirm the court's ruling.

The judgment is affirmed.

In this opinion the other judges concurred.