PETER BEBRY ET AL. *v.* JOSEPH ZANAUSKAS ET AL.
(AC 23217)

Lavery, C. J., and Dranginis and Hennessy, Js.

Argued October 21, 2003—officially released February 24, 2004

*Brenden P. Leydon,* for the appellants (named plaintiff et al.).

*Gary W. Zanauskas,* pro se, the appellee (defendant).

*Steven A. Ouellette,* with whom, on the brief, was *Brian S. Driscoll,* for the appellees (defendant Charles Zanauskas et al.).

### Opinion

LAVERY, C. J. This appeal arises from a motor vehicle accident involving an automobile operated by the defendant Joseph Zanauskas and an automobile in which the plaintiff Peter Bebry was a passenger. Bebry and his wife, the plaintiff Janet Bebry,[1] appeal from the sum-

---

[1] The action was dismissed as to the plaintiff Timothy Materazzi, the driver of the vehicle in which Peter Bebry was riding. We therefore refer in this opinion to the Bebrys as the plaintiffs.

mary judgment rendered in favor of the defendants Charles Zanauskas, Lillian Zanauskas and Gary W. Zanauskas in an action to recover damages for personal injuries caused by Joseph Zanauskas.[2]

The plaintiffs claim that the trial court improperly (1) held that the defendants did not owe a duty to the plaintiffs arising from the defendants' ability to control Joseph Zanauskas' behavior and their knowledge of his prior incidents of operating a motor vehicle while intoxicated, and (2) declined to treble the damages awarded to Janet Bebry, after a hearing in damages, pursuant to General Statutes § 14-295 on her loss of consortium claim.[3] We affirm the judgment of the trial court.

The following undisputed fact is relevant to the plaintiffs' appeal. Neither Charles Zanauskas nor Lillian Zanauskas nor Gary Zanauskas presently have legal custody of Joseph Zanauskas, nor during the period of time pertinent to this case have they ever had such custody. Additional relevant facts will be stated as necessary.

---

[2] On August 14, 2002, the trial court rendered summary judgment in favor of Charles Zanauskas and Lillian Zanauskas, the parents of Joseph Zanauskas, and in favor of Gary W. Zanauskas, the brother of Joseph Zanauskas. At a hearing in damages on May 13, 2002, the court rendered judgment in favor of the plaintiffs against the defendants Joseph Zanauskas and David Choy. This appeal concerns only the summary judgment defendants, Charles Zanauskas, Lillian Zanauskas and Gary Zanauskas, and we refer to them in this opinion as the defendants.

[3] The plaintiffs also claimed in their appellate brief that there were genuine issues of material fact concerning the identity and ownership of the automobile driven by Joseph Zanauskas and where Joseph Zanauskas lived at the time of the motor vehicle accident with the plaintiffs. Those facts were material, however, only to the plaintiffs' claims under the family car doctrine embodied in General Statutes § 52-182 and as to the presumption of agency in General Statutes § 52-183. The plaintiffs conceded at oral argument that the defendants were not liable under the family car doctrine and that the presumption of agency was inapplicable, and that they had so stipulated pursuant to the motions for summary judgment. We give no further attention to that claim.

At the outset, we set forth our standard of review. We exercise plenary review over a trial court's decision to grant a motion for summary judgment. *Stokes* v. *Lyddy*, 75 Conn. App. 252, 257, 815 A.2d 263 (2003). "The standard of review of a trial court's decision to grant a motion for summary judgment is well established. Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment]. . . . Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment. See Practice Book [§ 17-46]." (Citations omitted; internal quotation marks omitted.) *Home Ins. Co.* v. *Aetna Life & Casualty Co.*, 235 Conn. 185, 202–203, 663 A.2d 1001 (1995).

## I

The plaintiffs claim that the court improperly held that the defendants did not owe them a duty arising from the defendants' ability to control Joseph Zanauskas' behavior and their knowledge of his prior incidents of driving while intoxicated. Specifically, the plaintiffs

argue that the defendants are liable pursuant to the principle of law contained in 2 Restatement (Second), Torts § 319 (1965).[4] For the defendants to be liable under § 319, they must have "taken charge" of Joseph Zanauskas. We are not persuaded.

In support of their motions for summary judgment, the defendants filed the affidavits of Charles Zanauskas, Gary Zanauskas and Joseph Zanauskas. Charles Zanauskas attested that he had never been appointed a guardian for Joseph Zanauskas, nor did he know of Joseph Zanauskas ever having a legal guardian. Likewise, Gary Zanauskas attested that he was not the legal guardian for Joseph Zanauskas and that he did not know of Joseph Zanauskas ever having a legal guardian. Joseph Zanauskas attested that he did not then nor had he ever had a legal guardian.

In response to the defendants' affidavits, the plaintiffs filed the affidavit of Peter Bebry. The plaintiffs' affidavit stated that Peter Bebry had spoken with Lillian Zanauskas, and that she had told him that she and her husband "had signed their son Joseph Zanauskas out of some sort of institution, which he was in as a result of three prior incidents of driving while intoxicated."[5] The plaintiffs argue that by having signed Joseph Zanauskas out of such an institution, Joseph Zanauskas' parents "took charge" of him and incurred liability for his actions under § 319. We disagree.

---

[4] Section 319 of the Restatement (Second) of Torts provides: "One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm."

[5] Although not mentioned in either side's briefs, we note that Lillian Zanauskas' alleged statement could be construed as hearsay that could be admissible as a statement by a party opponent under Connecticut Code of Evidence § 8-3 (1). We need not decide that question, however, because whether the parents of Joseph Zanauskas signed him out of an institution was not a material fact on which a determination of liability would rest under 2 Restatement (Second), supra, § 319.

We begin with the proposition that absent a special relationship of custody and control, there is no duty to protect a third person from the conduct of another at common law. *Kaminski* v. *Fairfield*, 216 Conn. 29, 33, 578 A.2d 1048 (1990). Likewise, "[a]t common law, the torts of children do not impose vicarious liability upon parents [as] parents, although parental liability may be created by statute . . . or by independently negligent behavior on the part of parents." (Citation omitted.) Id., 34. The plaintiffs, by way of exception to the common-law rule, cite 2 Restatement (Second), supra, § 319, in support of their claim against the defendants. See footnote 4. The plaintiffs' reliance on § 319 is misplaced.

Our Supreme Court stated that § 319 imposes no duty to control the conduct of another in any relationships other than those involving professional custodians with special competence to control the behavior of those in their charge, including those relationships arising in institutions, and in other relationships involving legally designated custodians. See *Kaminski* v. *Fairfield*, supra, 216 Conn. 34–35. The court further remarked that "[a] familial relationship does not, per se, establish the capacity to control that § 319 envisages as a basis for liability." Id., 36.

Absent evidence of the defendants having assumed guardianship or some other form of legal custody of Joseph Zanauskas, the defendants cannot be said to have incurred the requisite legal responsibility for Joseph Zanauskas that would give rise to a duty to third persons under § 319. Parents' knowledge of their emancipated adult son's record of driving while intoxicated alone is insufficient for them to incur a legal duty to control their son's behavior for the benefit of third persons under § 319. Likewise, parents, by the mere act of signing their son out of an institution, do not incur the kind of liability contemplated under § 319.[6]

---

[6] We further note that any factual dispute over where an emancipated adult child lived at the time he caused injury to a third party is immaterial

We conclude that the court correctly decided as a matter of law that none of the defendants "took charge" of Joseph Zanauskas or otherwise owed a duty of care to the plaintiffs within the meaning of § 319. We agree with the court that there were no genuine issues of material fact in dispute and that the defendants were entitled to judgment as a matter of law.

## II

The plaintiffs also claim that the court incorrectly declined to treble the damages awarded to Janet Bebry pursuant to § 14-295 for her loss of consortium claim.[7] The plaintiffs urge us to remand the matter to the trial court with direction to treble the damages award to Janet Bebry. We decline to do so.

In evaluating the plaintiffs' claim, a threshold question we must address is whether a claim for loss of consortium falls within the meaning of "personal injury" under § 14-295. We conclude that it does.

"The term consortium is usually defined as encompassing the services of the [spouse], the financial support of the [spouse], and the variety of intangible relations which exist between spouses living together in marriage. . . . These intangible elements are generally described in terms of affection, society, companionship and sexual relations. . . . These intangibles have also been defined as the constellation of companionship,

without evidence demonstrating the existence of a custodial relationship between parents and child within the meaning of 2 Restatement (Second), supra, § 319.

[7] General Statutes § 14-295 provides: "In any civil action to recover damages resulting from personal injury, wrongful death or damage to property, the trier of fact may award double or treble damages if the injured party has specifically pleaded that another party has deliberately or with reckless disregard operated a motor vehicle in violation of section 14-218a, 14-219, 14-222, 14-227a, 14-230, 14-234, 14-237, 14-239 or 14-240a, and that such violation was a substantial factor in causing such injury, death or damage to property."

dependence, reliance, affection, sharing and aid which are legally recognizable, protected rights arising out of the civil contract of marriage." (Citations omitted; internal quotation marks omitted.) *Hopson* v. *St. Mary's Hospital*, 176 Conn. 485, 487, 408 A.2d 260 (1979). Our Supreme Court has concluded that loss of consortium constitutes a real injury and that each spouse has a claim for loss of consortium arising from personal injury to the other spouse caused by the negligence of a third person. Id., 492–93, 496; see *Champagne* v. *Raybestos-Manhattan, Inc.*, 212 Conn. 509, 563–65, 562 A.2d 1100 (1989).

Our Supreme Court has determined that "[t]he term 'personal injury' is broad enough to encompass a claim for injury which is personal to the claimant, although flowing from the physical injury of another." *Izzo* v. *Colonial Penn Ins. Co.*, 203 Conn. 305, 313, 524 A.2d 641 (1987). "A cause of action for loss of consortium does not arise out of a bodily injury to the spouse suffering the loss of consortium; it arises out of the bodily injury to the spouse who can no longer perform the spousal functions." Id., 312. Accordingly, we conclude that a spouse's claim for loss of consortium arising from the physical injury of the other spouse by a third person is a "personal injury" within the meaning of § 14-295.

With that conclusion, we now address the plaintiffs' claim that the court incorrectly failed to treble the damages awarded on the loss of consortium claim to Janet Bebry. We note that § 14-295 affords the plaintiffs no absolute right to enhanced damages, but leaves the question of whether double or treble damages are awarded to the discretion of the court. "Awards of double or treble damages under § 14-295 are not required simply because a defendant has been found to have violated one of the named statutes. Rather, such damages are assessed based on the degree of the defendant's

culpability." *Jack* v. *Scanlon,* 4 Conn. App. 451, 455, 495 A.2d 1084, cert. dismissed, 197 Conn. 808, 499 A.2d 59 (1985). Thus, the only issue before us with respect to the plaintiffs' claim for enhanced damages is whether the court abused its discretion.

The plaintiffs have presented us with an inadequate record on which to determine whether the court abused its discretion. "It is well settled that [a]n articulation is appropriate where the trial court's decision contains some ambiguity or deficiency reasonably susceptible of clarification. . . . [P]roper utilization of the motion for articulation serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal. . . . The . . . failure to seek an articulation of the trial court's decision to clarify the aforementioned issues and to preserve them properly for appeal leaves this court without the ability to engage in a meaningful review." (Internal quotation marks omitted.) *J.K. Scanlan Co.* v. *Construction Group, Inc.,* 80 Conn. App. 345, 352, 835 A.2d 79 (2003).

Our examination of the record discloses that although the plaintiffs, in an apparent effort to determine the reason the court did not treble the damages, filed a motion to reargue, the court did not state the legal premises on which it based its decision to deny that motion. The transcripts and the judgment file contain nothing to indicate why the court declined to double or treble the damages awarded on Janet Bebry's loss of consortium claim. Absent a record showing such reasons, we are unable to review the plaintiffs' claim.

The judgment is affirmed.

In this opinion the other judges concurred.