# DONNA SIMMS *v.* ROBERT SIMMS
## (AC 24104)

Schaller, Flynn and DiPentima, Js.

Argued January 21—officially released May 24, 2005

*Samuel V. Schoonmaker IV*, with whom were *Peter M. Bryniczka* and, on the brief, *Samuel V. Schoonmaker III*, for the appellant (defendant).

*Livia D. Barndollar*, with whom, on the brief, was *Robert A. Slavitt*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, J. The defendant, Robert Simms, appeals from the trial court's judgment granting the postdissolution motion for modification of alimony filed by the plaintiff, Donna Simms. On appeal, he claims that the court (1) improperly considered the parties' finances in 1979 when fashioning its modification order and (2) impermissibly made its modification order retroactive to August 18, 1998. We affirm the judgment of the trial court.

The parties' marriage was dissolved on September 24, 1979. The judgment of dissolution incorporated the terms and provisions of a settlement agreement entered into by the parties. The agreement provided for unallocated alimony and child support to be paid to the plaintiff, with alimony payments to increase automatically beginning in August, 1982, by the lesser of 33.3 percent of the defendant's net income over $52,000 or 5 percent of the alimony payments to which the plaintiff was entitled for the previous calendar year.

In 1989, the plaintiff filed a motion to modify the alimony order, which was denied. From that judgment, the plaintiff appealed and we affirmed. *Simms* v. *Simms*, 25 Conn. App. 231, 593 A.2d 161, cert. denied,

220 Conn. 911, 597 A.2d 335 (1991). Seven years later, the plaintiff filed another motion to modify the alimony order. The motion, captioned "Motion for Modification of Alimony," was left for abode service on August 18, 1998. In response, the defendant filed a motion to dismiss the motion to modify on October 8, 1998. On October 29, 1998, the plaintiff filed a request for leave to file an amended motion to modify. Following argument on those motions on November 2, 1998, the court granted both the defendant's motion to dismiss and the plaintiff's request for leave to file an amended motion to modify. The plaintiff thereafter filed an amended motion to modify on November 13, 1998.

Almost four years later, on July 15, 2002, the plaintiff filed another motion to modify the alimony order. The matter ultimately was heard on November 25, 2002. Over the objection of the defendant, the court agreed to consider the plaintiff's November 13, 1998 motion. On February 26, 2003, the court filed a memorandum of decision in which it granted the plaintiff's motion to modify the 1979 alimony order and ordered the defendant to pay weekly alimony in the amount of $1500. The court noted that it considered evidence of the change in the parties' circumstances from the 1979 dissolution and ordered the alimony modification effective retroactively from the date the original motion for modification was served, August 18, 1998. This appeal followed.

I

The defendant claims that the court improperly considered the parties' finances in 1979 when fashioning its modification order. Because the dissolution orders were self-modifying, he contends, the court "looked back too far in its analysis."

In reviewing a ruling on a motion to modify, we are mindful that "[a] trial court is endowed with broad discretion in domestic relations cases. Our review of

such decisions is confined to two questions: (1) whether the court correctly applied the law, and (2) whether it could reasonably have concluded as it did." (Internal quotation marks omitted.) *Lefebvre* v. *Lefebvre*, 75 Conn. App. 662, 664, 817 A.2d 750, cert. denied, 263 Conn. 921, 822 A.2d 243 (2003).

As we noted in the plaintiff's previous appeal, "[u]nder General Statutes § 46b-86 (a) as it existed at the time of the dissolution of the parties' marriage, the plaintiff, to obtain a court ordered modification of alimony, must show a substantial change in circumstances that must not have been contemplated by the parties at the time the decree was entered." (Internal quotation marks omitted.) *Simms* v. *Simms*, supra, 25 Conn. App. 234. A dramatic increase in the income of one of the parties may constitute a substantial change in circumstances. That is precisely what the court found in the present case. As it stated: "The court concludes that the defendant's present earnings constitute a substantial change in circumstances, for the increase is dramatic, when compared to 1979, to the extent that neither party anticipated it would occur. In his testimony, the defendant admitted same."

The dissolution orders entered by the court in 1979 incorporated the terms and provisions of a settlement agreement entered into by the parties. Because the agreement provided for annual adjustment to the periodic alimony beginning August 1, 1982, the defendant argues that the dissolution orders necessarily were self-modifying and self-executing.[1] It is undisputed that the alimony paid by the defendant has increased annually. The question is whether each such increase constitutes a modification of the dissolution orders.

In *Borkowski* v. *Borkowski*, 228 Conn. 729, 738, 638 A.2d 1060 (1994), our Supreme Court explained that

---

[1] The defendant does not claim that incorporation of these terms into the dissolution orders precludes a motion to modify the alimony order.

the power of the trial court to modify an existing order does not include the power to retry issues already decided. Thus, the court's inquiry "is necessarily confined to a comparison between the current conditions and *the last court order*." (Emphasis added.) Id. The court continued: "Applicable to dissolution actions . . . is the principle that *an adjudication by a court* having jurisdiction of the subject matter and the parties is final and conclusive not only as to matters actually determined, but as to matters which the parties might have litigated as incident thereto and coming within the legitimate purview of the subject matter of the action." (Emphasis added.) Id., 738–39.

The defendant's claim that the self-executing alimony alterations constitute modifications of the dissolution orders is untenable. Those alterations were required not by a subsequent court order or adjudication by the court, but rather by the express terms of the settlement agreement incorporated into the 1979 dissolution orders. This court has held that "[d]ecrees in a dissolution action cannot be modified by acts of the parties without further decree or order by the court." *Albrecht* v. *Albrecht*, 19 Conn. App. 146, 151, 562 A.2d 528, cert. denied, 212 Conn. 813, 565 A.2d 534 (1989). The record reveals no further decree or order by the court since 1979. For that reason, the court properly considered the parties' finances in 1979 when fashioning its modification order.

## II

The defendant also claims that the court impermissibly made its modification order retroactive to August 18, 1998. Because the court dismissed the plaintiff's August 18, 1998 motion, he argues that retroactive application to that date was improper.[2] We disagree.

---

[2] The defendant also argues that the 1998 motion to modify was stale by the time it was addressed by the court. "[W]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required

General Statutes § 46b-86 (a) provides in relevant part: "No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to [General Statutes §] 52-50." The defendant contends that the August 18, 1998 motion was not a pending motion in light of the court's dismissal of that motion on November 2, 1998. We therefore focus our attention on the court's granting of the motion to dismiss.

On October 8, 1998, the defendant filed a motion to dismiss the August 18, 1998 motion to modify. In response, the plaintiff on October 29, 1998, filed a request for leave to file an amended motion to modify. On November 2, 1998, after hearing argument from both parties, the court simultaneously granted the defendant's motion to dismiss "without prejudice" and granted the plaintiff's amended motion to modify.

As in civil matters, the scope of the motion to dismiss in family matters is carefully circumscribed. It may be used to assert only "(1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process and (5) insufficiency of service of process." Practice Book § 25-13. The defendant's motion to dismiss alleged none of those defects. Rather, it challenged the legal sufficiency of the plaintiff's motion.[3] The motion to dismiss,

---

in order to avoid abandoning an issue by failure to brief the issue properly." (Internal quotation marks omitted.) *State* v. *Colon*, 272 Conn. 106, 153 n.19, 864 A.2d 666 (2004). Because the defendant has offered no analysis of his staleness claim, we decline to afford it review.

[3] The motion to dismiss alleged that (1) the motion to modify the alimony order "did not state clearly in the caption of the motion whether it is a pendente lite or a [postjudgment] motion," (2) the motion "did not state the specific factual and legal basis for the claimed modification nor did it include the outstanding orders and date thereof to which the motion for

therefore, was defective and should not have been granted.[4] In addition, we note that the court dismissed the plaintiff's August 18, 1998 motion "without prejudice" while at the same time it permitted the plaintiff to file an amended motion. These actions further reinforce our conclusion that the August 18, 1998 motion remained a pending motion, as required by § 46b-86 (a). We accordingly conclude that retroactive modification was proper.

The judgment is affirmed.

In this opinion the other judges concurred.

modification is addressed," (3) the plaintiff "had previously filed a motion to modify, which motion was heard and denied on March 20, 1990" and (4) the motion "fails to state a claim of an unforeseen change of circumstance not contemplated by the parties at the time of the agreement."

[4] At oral argument, counsel for the plaintiff suggested that the defendant's motion was, in essence, a motion to strike. We recently held that a motion to strike is not a proper procedural vehicle to challenge the legal sufficiency of a postjudgment motion. *Zirinsky* v. *Zirinsky*, 87 Conn. App. 257, 268, 865 A.2d 488, cert. denied, 273 Conn. 916, 871 A.2d 372 (2005).