ALEXANDER C. CANNON *v.* BARBARA M. CANNON
(AC 28514)

Flynn, C. J., and McLachlan and West, Js.

Argued April 22—officially released August 26, 2008

*Barbara M. Schellenberg*, with whom was *Richard L. Albrecht*, for the appellant (defendant).

*Norman A. Roberts II*, with whom, on the brief, was *Anthony L. Cenatiempo*, for the appellee (plaintiff).

*Opinion*

McLACHLAN, J. This appeal arises out of a motion for modification of unallocated alimony and child support that was pending for almost three years, following the dissolution of marriage between the plaintiff, Alexander C. Cannon, and the defendant, Barbara M. Cannon. The defendant appeals from the postjudgment order of the court, modifying unallocated alimony and child support. Specifically, the defendant appeals from the court's ruling in its corrected memorandum of decision, in which it ordered the modification of unallocated alimony and child support payments retroactive to July 9, 2003, and found an arrearage of $60,000 in accordance with that order. We affirm the judgment of the trial court.

The plaintiff commenced an action for dissolution of the parties' marriage. The parties entered into a written separation agreement (agreement). The dissolution court, *Hon. Stanley Novack*, judge trial referee, incorporated the agreement by reference into the dissolution judgment on October 19, 2000. The agreement obligated the plaintiff to pay the defendant the sum of $250,000 per year until March 31, 2010. Commencing on April 1, 2010, the plaintiff will be obligated to pay the defendant

the sum of $125,000 in twenty-four bimonthly installments. At the conclusion of that year, the plaintiff's alimony obligations to the defendant will terminate.[1] Pursuant to the agreement, the unallocated alimony and child support provisions are unmodifiable unless certain circumstances occur. One such circumstance is if the plaintiff's annual earned income falls below $540,000.

On June 3, 2003, the defendant filed a motion for contempt and a motion to compel the plaintiff to pay the court-ordered unallocated alimony and support as specified in the agreement. On July 1, 2003, the plaintiff filed a motion to modify the unallocated alimony and child support on the basis of a reduction in his income to $350,000. On July 7, 2003, the court, *Shay, J.*, held a hearing on the defendant's motion to compel and motion for contempt. At that hearing, the plaintiff informed the court of his pending motion for modification and requested a continuance with respect to the defendant's two motions. The court granted the plaintiff's request for a continuance, and the matter was continued to August 25, 2003. On the defendant's motion to compel and motion for contempt, the court clerk wrote: "OR: 7/7/03 Continue to 8/25/03 all retroactive to 7/7/03 (*Shay, J.*)." The transcript from the July 7, 2003 hearing does not reflect any order regarding retroactivity. On July 9, 2003, the constable served the defendant with an order to show cause and a motion to modify and ordered the defendant to appear in court on August 25, 2003.

On August 25, 2003, the parties appeared before the court and informed it that they were waiting for a pretrial date and, therefore, did not argue any of the pending motions. Thereafter, discovery began, and the

---

[1] The agreement contained several other provisions concerning alimony and child support not relevant to this appeal.

plaintiff's motion for modification was not heard until 2006. In the interim, the parties filed a laundry list of motions. On April 18, 2006, the defendant filed a motion for sanctions and, on May 3, 2006, filed a second motion for sanctions with respect to discovery. In response, the plaintiff filed an objection to the motion for sanctions.

On May 1, 2006, the court, *Black, J.*, held a hearing and, on May 8, 2006, granted the defendant's motions for sanctions, dismissed the plaintiff's motion to modify the alimony and child support, overruled the plaintiff's objection to the defendant's motion for sanctions and ordered the defendant to proceed on her motion for contempt, which was scheduled for May 9, 2006. The plaintiff filed a motion to reargue, which the court granted. The court subsequently held a hearing on May 15, 2006.

On August 18, 2006, the court issued its memorandum of decision on the plaintiff's motion for modification, in which it found that the plaintiff had proven a substantial change of circumstances warranting a reduction in unallocated alimony and support. The court reduced the unallocated alimony and child support amount to $12,000 per month. Additionally, the court found that the alimony and child support payments were retroactive to the date of May 25, 2006. The court also found that there was an arrearage of $60,000, to be paid at a rate of $2500 per month, without interest.

On August, 24, 2006, the defendant filed a motion to reargue the court's August 18, 2006 judgment, in which she stated: "The parties agreed on the record during the hearing that the overall arrearage as a result of the plaintiff's 'self-help' that had accrued as of the last date of the financial hearing on August 2, 2006, was $400,000, $60,000 of which had accrued before the filing and service of the [m]otion for [c]ontempt on or about June 9, 2003." On September 7, 2006, the plaintiff filed a

motion to clarify, correct and reargue the judgment,
requesting that the judgment reflect the proper retroac-
tive date of "July of 2003, to preserve the arrears at
$60,000," instead of the retroactive date of May 25, 2006.
On November 20, 2006, the court granted the plaintiff's
motion to clarify and, on January 23, 2007, issued a
corrected memorandum of decision. In its corrected
memorandum of decision, the court corrected its previ-
ous judgment by deleting the language "retroactive to
May 25, 2006, the first day of the hearing on the motion"
and substituting it with "retroactive to July 9, 2003, by
court order (*Shay, J.*)," leaving the remaining provi-
sions of the memorandum intact.

On March 29, 2007, the defendant filed a motion for
articulation in response to the corrected memorandum
of decision. The motion for articulation was granted.
On May 4, 2007, the court, *Black, J.*, addressed the
defendant's requests and stated that the date of retroac-
tivity was July 7, 2003, pursuant to the notations on the
motion for contempt and the motion for a protective
order, along with the transcript of the hearing before
Judge Shay. On May 16, 2007, the court, *Shay, J.*, also
issued an articulation, stating: "I have reviewed the
transcripts for July 7, 2003, and the motion for modifica-
tion dated May 28, 2003. The clerk's notation and the
transcript of proceedings would appear to be at odds.
I have no independent recollection of the facts and
circumstances. It is not the function of an articulation
to substitute a new decision or change the basis of a
prior decision. I join Judge Black in her ruling of May
4, 2007." This appeal followed.

"We first set forth our well established standard of
review that is applied in domestic relations matters. A
trial court is in an advantageous position to assess the
personal factors so significant in domestic relations
cases, and its orders in such cases will not be reversed
unless its findings have no reasonable basis in fact or

it has abused its discretion, or unless, in the exercise of such discretion, it applies the wrong standard of law." (Internal quotation marks omitted.) *Berry* v. *Berry*, 88 Conn. App. 674, 677, 870 A.2d 1161 (2005).

The defendant asserts that the corrected judgment of the court should be reversed because the court improperly based its decision on Judge Shay's July, 2003 order, which allegedly mandated any future order on the plaintiff's motion for modification of alimony and child support to be retroactive. The defendant maintains that Judge Shay never made an order as to retroactivity for July 9, 2003.[2] Moreover, even if Judge Shay had made such an order, the defendant contends, Judge Shay could not have ordered the modification to be retroactive before it was served, which did not occur until July 9, 2003. Last, the defendant alleges that even if Judge Shay had made such an order, the court was not bound by the order and, on the basis of a three year delay in hearing the motion for modification, the court should not have corrected its original order of retroactivity.

General Statutes § 46b-86 (a) governs the availability of retroactive modification of unallocated alimony and child support orders. It provides in relevant part: "No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to [General Statutes §] 52-50." In the present case, the plaintiff's July 1, 2003 motion for modification was "pending"

---

[2] The hearing, before Judge Shay, was held on July 7, 2003, and the clerk's notations on the defendant's motion for contempt and motion to compel contain the July 7, 2003 date. The court, *Black, J.*, however, found that July 9, 2003, was the appropriate date.

under § 46b-86 (a) until the court's ruling in 2006, because the motion was served on the defendant on July 9, 2003. Therefore, a modification retroactive to July 9, 2003, is permissible under the statute and well within the discretion of the court.

The record provides support that the court acted within its discretion when it ordered the unallocated alimony and child support payments retroactive to the date of service for the motion for modification. First, during the hearing on the plaintiff's motion to reargue on May 15, 2007, the court stated: "The court is disturbed by the length of the time that this motion for modification has been pending. . . . Now, the court heard some, not testimony, but heard some suggestions from counsel that perhaps the motion for modification is tied into what they believe was Judge Shay's ruling on retroactivity. I don't know that there is such a ruling in the case. And the little bit of research that I did do on retroactivity seemed to indicate that even if there had been a judge that stated something, certainly given this amount of time, it *would be within the discretion of the judge hearing the motion for modification* to determine retroactivity, if any." (Emphasis added.) Second, the defendant stated in her motion for a protective order dated March 25, 2004, that "[o]n July 9, 2003, the court . . . entered an [o]rder granting the [p]laintiff retroactivity on his [m]otion for [m]odification in the event that [the] [p]laintiff is successful on his motion." Third, the court found in its original memorandum of decision that "[b]y agreement of the parties, the court finds the arrearage to be $60,000" and that finding has not been challenged.[3] Fourth, the court's articulation

---

[3] The defendant does not challenge the finding of $60,000 in arrears; rather, the defendant challenges the court's ruling making it retroactive to July 9, 2003. The defendant claims that the $60,000 represents the amount accrued before the filing of the service of her motion for contempt, which she filed in June, 2003.

does not necessitate the conclusion that the court relied solely on an order of Judge Shay. In its articulation, the court answered the specific questions in the request for articulation, none of which asked the court what the basis was for its decision.

The present case presents a unique twist because the motion for modification was pending for almost three years. Between July 1, 2003, and August 18, 2006, the parties collectively filed more than seventy motions, evidencing that counsel was not inattentive to the case. Yet, all of this delay exacerbated the confusion that exists in the record. Nevertheless, the court had before it several motions and agreements, stipulated to by the parties, and issued a corrected memorandum of decision to make the unallocated alimony and child support payments retroactive to July 9, 2003.

It is well within the law and the court's discretion to make the modification retroactive to the date that the motion for modification was served, which was July 9, 2003.[4] See *Sabrowski* v. *Sabrowski*, 105 Conn. App. 49, 57, 935 A.2d 1037 (2007). Given all the circumstances, it was not an abuse of discretion for the court to order the unallocated alimony and child support retroactive to July 9, 2003. Because we conclude that the court's ruling in its corrected memorandum of decision concerning the issue of retroactivity to July 9, 2003, was proper, we do not reach the defendant's remaining claims.

The judgment of the court is affirmed.

In this opinion the other judges concurred.

---

[4] Counsel for the defendant stated at the May 9, 2006 hearing: "I acknowledge that presuming the sheriff's return is correct, and you can see [the defendant] graciously accepted service of the paper—that the court could have the right under the statute to consider retroactivity."