******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

MADELAINE HANE *v.* OWEN HANE
(AC 36475)

DiPentima, C. J., and Mullins and Schaller, Js.

*Argued March 12—officially released June 30, 2015*

(Appeal from Superior Court, judicial district of Stamford-Norwalk, Hon. Stanley Novack, judge trial referee [dissolution judgment]; Schofield, J. [motion for modification; motion to reargue].)

*Thomas M. Shanley*, for the appellant (plaintiff).

*Mark R. Soboslai*, for the appellee (defendant).

*Opinion*

DiPENTIMA, C. J. The plaintiff, Madelaine Hane, appeals from the postdissolution judgment of the trial court denying retroactive application of the order granting her motion to modify alimony and child support payable to her by the defendant, Owen Hane. On appeal, the plaintiff claims that the court abused its discretion by not ordering that the June 5, 2013 order increasing the alimony and child support be applied retroactively to July 11, 2011, the date her motion was served on the defendant. We affirm the judgment of the trial court.

The record reveals the following facts and procedural history. The parties were married in October, 1994, and have two minor children. The court dissolved the marriage on February 14, 2008, and incorporated their written agreement into the judgment. The agreement provided that the defendant would pay unallocated alimony and child support pursuant to a multi-tiered structure due to his compensation schedule and its inherent fluctuations. Specifically, the defendant paid $14,000 per month in "base support"[1] from his primary employment and 50 percent from any "alternate income." The parties also agreed to a tiered payment structure in the event that the defendant earned more than a certain income during the year.

On February 2, 2009, the defendant filed a motion to modify and decrease his alimony and child support obligations. He alleged a significant decrease in his income and sought an alimony payment of $1 per year and child support payment consistent with the child support guidelines. The court issued a memorandum of decision on August 20, 2009, granting the defendant's motion. Specifically, the court found a substantial change in the defendant's financial circumstances and modified the defendant's unallocated alimony and child support payment to $675 per week.

On June 16, 2011, the plaintiff filed a motion for modification, alleging that the defendant's income had increased significantly and seeking additional alimony and child support. The defendant was served by abode service on July 11, 2011. After a hearing, the court issued a memorandum of decision on June 5, 2013. It noted that modification would be based not on the original judgment, but on the 2009 decision on the defendant's motion for modification. See *Borkowski* v. *Borkowski*, 228 Conn. 729, 738, 638 A.2d 1060 (1994).[2] It then stated that it would apply the factors set forth in General Statutes § 46b-82.[3]

The court found that the defendant's earning capacity exceeded $100,000 per year. It further found that the defendant's gross income for 2011 was $474,765 and $531,958 for 2012. For 2012, the defendant's net income was $6277 per week or $336,404 per year. Given these findings, the court determined that the change in his

income constituted a substantial change from 2009.

The court then entered the following orders increasing the defendant's alimony and child support obligations. The defendant was to pay $921 per week in accordance with the child support guidelines. For the defendant's net income up to $150,000, the defendant was to pay 25 percent in alimony. The defendant was to pay additional alimony of 25 percent of his net income between $150,001 and $250,000, additional alimony of 15 percent on his net income between $250,001 and $350,000 and additional alimony of 10 percent of his net income for his income over $350,000. The court determined that an order making the modification retroactive would be unduly harsh. Accordingly, it denied the plaintiff's request for retroactivity.

On June 17, 2013, the plaintiff filed a motion to reargue pursuant to Practice Book § 11-11.[4] Specifically, she sought to reargue, inter alia, the issue of retroactivity. On December 30, 2013, the court granted the motion to reargue and issued certain orders.[5] With respect to the issue of retroactivity, the court stated: "The court denies retroactivity having previously found such to be unduly harsh." The plaintiff then filed this appeal.[6]

Before addressing the merits of the plaintiff's appeal, we identify the relevant legal principles. "We first set forth our well established standard of review that is applied in domestic relations matters. A trial court is in an advantageous position to assess the personal factors so significant in domestic relations cases, and its orders in such cases will not be reversed unless its findings have no reasonable basis in fact or it had abused its discretion, or unless, in the exercise of such discretion, it applies the wrong standard of law." (Internal quotation marks omitted.) *Cannon* v. *Cannon*, 109 Conn. App. 844, 848–49, 953 A.2d 694 (2008); see also *Zahringer* v. *Zahringer*, 124 Conn. App. 672, 677, 6 A.3d 141 (2010); *Simms* v. *Simms*, 89 Conn. App. 158, 160–61, 872 A.2d 920 (2005).

The motion for modification was brought pursuant to General Statutes § 46b-86.[7] "When presented with a motion for modification [brought pursuant to § 46b-86 (a)], a court must first determine whether there has been a substantial change in the financial circumstances of one or both of the parties. . . . Second, if the court finds a substantial change in circumstances, it may properly consider the motion and, on the basis of the . . . § 46b-82 criteria, make an order for modification. . . . The court has the authority to issue a modification only if it conforms the order to the distinct and definite changes in the circumstances of the parties." (Footnote omitted; internal quotation marks omitted.) *Barbour* v. *Barbour*, 156 Conn. App. 383, 390, 113 A.3d 77 (2015); see also *Dan* v. *Dan*, 315 Conn. 1, 9, 105 A.3d 118 (2014); *McRae* v. *McRae*, 139 Conn. App. 75, 80, 54 A.3d 1049 (2012).

In *Shedrick* v. *Shedrick*, 32 Conn. App. 147, 149, 627 A.2d 1387 (1993), we noted that our appellate courts consistently have held that, absent legislative authority, a retroactive modification of alimony is impermissible. "In 1990, however, the legislature did in fact expressly authorize retroactive modification of alimony under certain circumstances." Id.; see also *Lucas* v. *Lucas*, 88 Conn. App. 246, 255–56, 869 A.2d 239 (2005). Section 46b-86 (a) provides in relevant part: "No order for periodic payment of permanent alimony or support may be subject to retroactive modification, *except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party* pursuant to section 52-50." (Emphasis added.)

In the present case, the court denied the plaintiff's claim for retroactivity. It stated: "[T]he court has reviewed the brief of the defendant's counsel and is persuaded that an order of retroactive alimony and support would be unduly harsh, if not punitive. Based on the conduct of the parties, the court denies an order of retroactivity." In its response to the plaintiff's motion to reargue, the court denied retroactive modification, iterating that it previously had found such an award to be unduly harsh.

The plaintiff did not provide this court with a transcript of the hearing on her motion to modify.[8] In her appeal, she does not ask this court to consider the totality of the trial court proceedings when determining whether the trial court had abused its discretion in denying retroactivity.[9] Instead, she rests her appellate claim on her interpretation of our decision in *Zahringer* v. *Zahringer*, supra, 124 Conn. App. 672.[10] Specifically, she contends that, in that case, we set forth the standard for when an alimony and support modification should be made retroactive. She further argues that, given the factors articulated in *Zahringer*, the abuse of discretion by the court in denying retroactivity is apparent.[11] Put another way, the plaintiff's sole claim is that *Zahringer* established a bright line test for determining retroactivity and under that test, the failure to make the modification retroactive in the present case constituted an abuse of discretion. We disagree with the plaintiff's reading of *Zahringer*, and conclude therefore that the court's decision did not amount to an abuse of its discretion.

In *Zahringer* v. *Zahringer*, supra, 124 Conn. App. 672, the defendant husband claimed, inter alia, that the court improperly interpreted a provision of the parties' separation agreement that permitted the plaintiff wife to petition to the court to review the unallocated alimony and support payment at any time after January 1, 1999. The parties' agreement made any modification retroactive to January 1, 1999. Id. We concluded that

the agreement was ambiguous and that the court improperly had used an incorrect date when determining whether a modification was warranted. Id. We then stated: "Consistent with our case law, the trial court ha[d] discretion in determining the amount of alimony to be paid retroactive to January 1, 1999. . . . The retroactive award may take into account the long time period between the date of filing a motion to modify, or, with this case, the contractual retroactive date, and the date that motion is heard, which in this case spans a number of years. The court may examine the changes in the parties' incomes and needs during the time the motion is pending to fashion an equitable award based on those changes. The current alimony need not be uniformly retroactive, if such result would be inequitable." (Citation omitted.) Id., 688–89.

Contrary to the arguments of the plaintiff, the court in *Zahringer* did not definitively state the exclusive factors a court must consider when determining whether to make a modification to alimony or child support retroactive. Simply put, we disagree with the plaintiff's interpretation of that case. It did not set out a bright line test for determining retroactivity. Instead, *Zahringer* noted certain factors applicable given the facts and circumstances of that case. Further, it specifically stated that the court *may* consider the length of the time period to adjudicate a motion for modification. Id., 689. In short, we conclude that the plaintiff's reading of *Zahringer* is incorrect and, therefore, her claim that the court abused its discretion, which rests on that flawed interpretation, must fail.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] During the pendency of the sale of the marital home, this obligation was reduced to $12,000 per month.

[2] "In *Borkowski* v. *Borkowski*, [supra, 228 Conn. 738], our Supreme Court explained that the power of the trial court to modify an existing order does not include the power to retry issues already decided. Thus, the court's inquiry is necessarily confined to a comparison between the current conditions and *the last court order*." (Emphasis in original; internal quotation marks omitted.) *Simms* v. *Simms*, 89 Conn. App. 158, 161–62, 872 A.2d 920 (2005).

[3] General Statutes § 46b-82 (a) provides in relevant part: "In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall consider the evidence presented by each party and shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, earning capacity, vocational skills, education, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability and feasibility of such parent's securing employment."

Although the relevant language of § 46b-82 (a) was the subject of amendments in 2013; see Public Acts 2013, No 13-213, § 3; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of the statute.

[4] The defendant filed an objection and memorandum of law on August 7, 2013.

[5] Specifically, the court stated the following: "Order 1 provides for child support in the amount of $921 per week pursuant to the child support

guidelines to be paid each payroll period effective July 1, 2013. The court will amend the order to be effective June 5, 2013. . . . Order 2 shall be amended to correct a mathematical error . . . Alimony shall be based on the following: 25 percent of the [defendant's] net income up to $150,000 [with] $721.00 per week to be paid each payroll period effective June 5, 2013. . . . Net income is defined as . . . 'total income received by [a party] from all sources, less the legitimate expenses of realizing it . . . .' *Sturtevant* v. *Sturtevant*, 146 Conn. 644, 648 [53 A.2d 828] (1959)."

[6] On her appeal form, the plaintiff indicated that she was appealing from the June 5, 2013 decision, which was the date the court granted her motion for modification, but denied her claim for retroactivity. She further stated on her appeal form that on December 30, 2013, the court issued an order on her motion to reargue, a motion that could have rendered the June 5, 2013 order ineffective. See Practice Book § 11-11. Last, the plaintiff wrote that she had appealed from the "response to the plaintiff's motion to reargue the decision dated June 5, 2013." In his appellate brief, the defendant appears to argue that the plaintiff's appeal is limited to whether the court properly denied the plaintiff's motion to reargue with respect to the issue of retroactivity. We are not persuaded by this argument.

We acknowledge that the plaintiff stated on her appeal form that she was appealing from the "response to [her] motion to reargue . . . ." Nevertheless, the form also indicates that her appeal was taken from June 5, 2013 order of the court granting the motion for modification and denying her claim for retroactivity. Our Supreme Court has stated that "the forms for appeals and amended appeals do not in any way implicate appellate subject matter jurisdiction. They are merely the formal, technical vehicles by which parties seek to invoke that jurisdiction. Compliance with them need not be perfect; it is the substance that matters, not the form." *Pritchard* v. *Pritchard*, 281 Conn. 262, 275, 914 A.2d 1025 (2007); see also *Midland Funding, LLC* v. *Tripp*, 134 Conn. App. 195, 196 n.1, 38 A.3d 221 (2012) (improper date listed on appeal form was technical defect); see generally *Rocque* v. *DeMilo & Co.*, 85 Conn. App. 512, 527, 857 A.2d 976 (2004) (in accordance with policy not to exalt form over substance, we have been reluctant to dismiss appeals for technical deficiencies in appeal form). Therefore, despite the imprecise language used on the plaintiff's appeal form, we will review the merits of the trial court's order denying retroactivity with respect to the plaintiff's motion for modification.

[7] General Statutes 46b-86 (a) provides in relevant part: "Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support, an order for alimony or support pendente lite or an order requiring either party to maintain life insurance for the other party or a minor child of the parties may, at any time thereafter, be continued, set aside, altered or modified by the court upon a showing of a substantial change in the circumstances of either party . . . ."

[8] On October 21, 2014, the plaintiff, inter alia, moved for permission to supplement the record and/or amend the transcript statement. We denied this part of the plaintiff's motion on October 29, 2014. We granted the plaintiff's other request to strike portions of the defendant's appellate brief and appendix. Specifically, we note that the motion to supplement the record to include the transcript was not filed timely. It was filed after the plaintiff had submitted her main brief in which she made no reference to the transcript.

[9] To the extent that the plaintiff does claim, under the facts and circumstances of this case, that the court abused its discretion in denying her request for retroactivity, we conclude that the record is inadequate for review. In her papers filed pursuant to Practice Book § 63-4, the plaintiff filed a certificate indicating that no transcript is deemed necessary. See Practice Book § 63-4 (a) (2). In reviewing the court file, we discovered a transcript in the court file that appears to be complete. It is not clear, however, why the court file contains the transcript or how its presence would effectively nullify the plaintiff's affirmative statement that transcripts were not needed in this appeal. Additionally, the plaintiff did not move for an articulation of the court's decisions. We will not speculate as to the reasons for the court's determination that retroactive alimony in this case was unduly harsh, if not punitive, or what conduct of the parties it considered.

[10] The plaintiff posits in her brief that the law favors a retroactive modification and cites the following from our decision in *Lucas* v. *Lucas*, supra, 88 Conn. App. 256: "If the trial court decides that a party is entitled to an increase in an award of alimony, the court's order should be effective as of the date of service of notice of the motion . . . so as to afford the [party]

the benefit of the modification from the time when it was originally sought." (Internal quotation marks omitted.) The plaintiff also correctly observed that the *Lucas* quote was taken from our opinion in *Milbauer* v. *Milbauer*, 54 Conn. App. 304, 310 n.2, 733 A.2d 907 (1999); but see *Cannon* v. *Cannon*, supra, 109 Conn. App. 850 (retroactive modification well within discretion of trial court). The language cited by the plaintiff, however, originated not in *Milbauer*, but in our Supreme Court's decision in *Bartlett* v. *Bartlett*, 220 Conn. 372, 384, 599 A.2d 14 (1991). A careful reading of *Bartlett* reveals that the language was directed at the plaintiff in that particular case if the trial court, on remand, determined that she was entitled to an increase in alimony. Id. We note that the plaintiff's claim in the present case that, as a general matter, the law presumes or favors a retroactive application of the granting of a motion to modify appears tenuous. Finally, we note that the statute authorizing retroactive modifications provides that the court *may* order a retroactive modification. See *State* v. *Bletsch*, 281 Conn. 5, 17–18, 912 A.2d 992 (2007) (use of "may" in statutory language imports permissive conduct and conferral of discretion).

[11] We decline to consider the plaintiff's belated attempt to argue that the court erred as a matter of law. This claim was raised for this first time in her reply brief. "It is well established that [c]laims . . . are unreviewable when raised for the first time in a reply brief." (Internal quotation marks omitted.) *2 National Place, LLC* v. *Reiner*, 152 Conn. App. 544, 548 n.4, 99 A.3d 1171, cert. denied, 314 Conn. 939, 102 A.3d 1112 (2014).

———————————————